UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20768-CR-SCOLA

UNITED STATES OF AMERICA,

vs.

SERGE ST-VIL,
MULLER PIERRE and
FINSHLEY FANOR

        Defendants.
_____/

MOTION FOR PRELIMINARY ORDER OF FORFEITURE REGARDING
DEFENDANT ST-VIL'S RIGHT, TITLE AND INTEREST IN CERTAIN REAL PROPERTY

      **THE UNITED STATES OF AMERICA** (hereinafter, the "United States" or the "Government"), hereby moves for entry of a preliminary order of forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(2) regarding Defendant Serge St-Vil's right, title and interest in certain real property and in support thereof submits the following points and authorities for the Court's review:

      1.     On October 5, 2012, a federal grand jury sitting in the Southern District of Florida returned a true bill of indictment (D.E. 3) (hereinafter referred to as the "Indictment") charging Defendant Serge St-Vil, *et al*., with, among other things, a violation of 18 U.S.C. § 1343 (Wire Fraud) in Count 2.

      2.     The Indictment further alleges that upon conviction of a violation of 18 U.S.C. § 1343, Defendant St-Vil shall forfeit all of his right, title and interest to the United States in any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation, pursuant to 18 U.S.C. § 981(a)(1)(C), as made applicable by 28 U.S.C. § 2461.

3. On February 22, 2012, Defendant St-Vil pleaded guilty to Counts 2 and 12 of the Indictment. Additionally, on May 21, 2013, Defendant St-Vil, and his attorney, signed a Consent to Criminal Forfeiture, a copy of which is enclosed herewith and marked as "**Exhibit 1**," wherein he admitted, among other things, that the following real property constituted, or was derived from, proceeds he obtained directly or indirectly, as the result of the violation in Count 2 of the Indictment and that all of his right, title and interest in it was, therefore, subject to criminal forfeiture in this cause:

(a) Real property known and numbered as 10519 Long Leaf Lane, Wellington, FL 33414, together with all appurtenances, improvements and attachments thereon;

(b) Real property known and numbered as 10603 Ivanhoe Lane, Wellington, FL 33414, together with all appurtenances, improvements and attachments thereon;

(c) Real property known and numbered as 10712 Willow Oak Court, Wellington, FL 33414, together with all appurtenances, improvements and attachments thereon;

(d) Real property known and numbered as 5412 SW 127th Avenue, Miramar, FL 33027, together with all appurtenances, improvements and attachments thereon;

(e) Real property known and numbered as 6103 Grand Cypress Circle East, Pompano Beach, FL 33073, together with all appurtenances, improvements and attachments thereon;

(f) Real property known and numbered as 20667 NE 10th Path, Miami, FL 33179, together with all appurtenances, improvements and attachments thereon;

(g) Real property known and numbered as 1037 NE 207th Street, Miami, FL 33179, together with all appurtenances, improvements and attachments thereon;

(h) Real property known and numbered as 1045 NE 207th Street, Miami, FL

33179, together with all appurtenances, improvements and attachments thereon;

  (i) Real property known and numbered as 20685 NE 10th Path, Miami, FL 33179, together with all appurtenances, improvements and attachments thereon;

  (j) Real property known and numbered as 771 SE 3 Place, Hialeah, FL 33010, together with all appurtenances, improvements and attachments thereon;

  (k) Real property known and numbered as 8634 S. Lexington Drive, FL 33025 33010, together with all appurtenances, improvements and attachments thereon;

  (l) Real property known and numbered as 461 NE 174th Street, North Miami Beach, FL 33162, together with all appurtenances, improvements and attachments thereon;

  (m) Real property known and numbered as 560 NE 131st Street, Miami, FL 33161, together with all appurtenances, improvements and attachments thereon;

  (n) Real property known and numbered as 1044 NE 207th Terrace, Miami, FL 33179, together with all appurtenances, improvements and attachments thereon;

  (o) Real property known and numbered as 1025 NE 207th Street, Miami, FL 33179, together with all appurtenances, improvements and attachments thereon;

  (p) Real property known and numbered as 2938 Hope Valley Street, Unit 112, Royal Palm Beach, FL 33411, together with all appurtenances, improvements and attachments thereon;

  (q) Real property known and numbered as 19911 NE 10 Place Way, Miami, FL 33179, together with all appurtenances, improvements and attachments thereon;

  (r) Real property known and numbered as 15221 NE 6 Avenue, A109, Miami, FL 33162, together with all appurtenances, improvements and attachments thereon; and

   (s) Real property known and numbered as 500 NE 178 Street, North Miami Beach, FL 33162, together with all appurtenances, improvements and attachments thereon (hereinafter collectively referred to as the "Real Property").

  4. Fed. R. Crim. P. 32.2(b)(1)(A)-(B) provides the following:

> As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.

  5. Fed. R. Crim. P. 32.2(b)(2) provides that if the Court finds that property is subject to forfeiture:

> [The Court] must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

  6. Fed. R. Crim. P. 32.2(b)(3) provides, in pertinent part, that the entry of a preliminary order of forfeiture:

> authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

7.	Fed. R. Crim. P. 32.2(b)(4)(A)-(B) provides that:

> At sentencing – or at any time before sentencing if the defendant consents – the preliminary forfeiture order becomes final as to the defendant. If the order directs the defendant to forfeit specific property, it remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c) . . . [t]he court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36.

8.	Therefore, as a result of Defendant St-Vil pleading guilty to the violation alleged in Count 2 of the Indictment and admitting that all of his right, title and interest in the Real Property is, therefore, subject to criminal forfeiture in this cause, the United States has established the requisite nexus between the Real Property and the offense in Count 2 of the Indictment to which he pleaded guilty.

9.	In accordance with Fed. R. Crim. P. 32.2(b)(2), and the applicable provisions of 21 U.S.C. § 853, the form of the proposed preliminary order of forfeiture submitted herewith provides for the forfeiture of all of Defendant St-Vil's right, title and interest in the Real Property to the United States, for the inclusion of the order of forfeiture as part of Defendant St-Vil's sentence and the Judgment in this cause, for publication of the order of forfeiture, for the institution of discovery by the Government in order to expedite ancillary proceedings for the adjudication of third party petitions claiming an interest in the Real Property, if any, and for the final forfeiture of the Real Property, if no petitions are filed.

WHEREFORE, based upon the forgoing, and the other matters of record in these proceedings, the Government moves for the entry of its proposed preliminary order of forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(2) thereby forfeiting all of Defendant St-Vil's right, title and interest in the Real Property to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), as made applicable by 28 U.S.C. § 2461, and providing for further proceedings as may be necessary to effect entry of a final order of forfeiture pursuant to the procedures set forth in 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:   s/*Daren Grove*
Daren Grove (Court No. A5501243)
Assistant United States Attorney
E-mail: daren.grove@usdoj.gov
99 N.E. 4th Street - 7th Floor
Miami, Florida  33132
Telephone: (305) 961-9294
Facsimile:  (305) 536-7599

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 5, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/*Daren Grove*
Daren Grove
Assistant United States