## PROMISSORY NOTE

$ 182,000

Miami, Florida
April  , 2011

    FOR VALUE RECEIVED, the undersigned, (jointly and severally, the "Borrower") promise to pay to the order of REAL ESTATE INVESTMENT AND RENTAL PROPERTIES, INC., a Florida corporation, whose post office address is 2385 NW Executive Drive, Ste 100, Boca Raton, FL or such other place as the holder hereof may from time to time designate, the principal sum of ONE HUNDRED EIGHTY-TWO THOUSAND AND NO/100 DOLLARS ($182,000.00), together with interest on the principal amount from time to time outstanding at an annual rate prior to maturity or default of FIVE percent (5.0%) per annum.  The principal sum and interest being payable in lawful money of the United States on the dates and in the amounts specified below:

    Payments of principal and interest in the amount of ONE THOUSAND TWO HUNDRED ONE AND 12/100 DOLLARS ($1,201.12) shall be due and payable monthly, commencing on the first day of June 2011 and on the 1st day of each succeeding month thereafter until May 1, 2031 (240 payments), on which date, the entire outstanding principal balance, together with all accrued and unpaid interest shall be due and payable.

    Any installment payment received prior to maturity, shall be applied first to the interest accruing under the terms of this Note and then to a reduction of the principal indebtedness.

    Borrower shall pay to the Note holder a late charge of five percent (5%) of any monthly installment not received by the Note holder within ten (10) days of its due date.

    If any monthly installment under this Note or any amount under the mortgage securing this Note (the "Mortgage") is not paid when due and said amount remains unpaid after a date specified by a notice to Borrower, the entire principal amount outstanding and accrued interest thereon shall at once become due and payable at the option of the Note holder.  The date specified shall not be less than fifteen (15) days from the date such notice is mailed. The Note holder may exercise this option to accelerate during any default by Borrower under this Note or under the Mortgage regardless of any prior forbearance.

    At any time this Note or the Mortgage is in default, interest shall accrue at the highest rate permitted by law from the date the notice of default is mailed to Borrower until paid.

    The makers and endorsers of this Note further agree to waive demand, notice of non-payment and protest, and in the event suit shall be brought for the collection hereof, or the same has to be

collected upon demand of an attorney, to pay reasonable attorneys' fees, through the appellate level, for making such collection. All payments hereunder shall bear interest at the highest rate permitted by law from maturity until paid. This Note shall be construed and enforced according to the laws of the state of Florida. Any claim arising under this note shall be brought in Dade County, Florida.

Any notice to Borrower provided for in this Note shall be given by mailing such notice by certified mail addressed to Borrower at the Property address stated below, or to such other address as Borrower may designate by notice to the Note holder. Any notice to the Note holder shall be given by mailing such notice by certified mail, return receipt requested, to the Note holder at the address stated in the first paragraph of this Note, or at such other address as may have been designated by notice to Borrower, or such other place as shall be designated by the holder of this note in writing.

Payable at:

2385 NW Executive Drive, Ste 100
Boca Raton, FL 33431

or such other place as shall be designated by the holder of this note in writing.

Notice Address:

1044 NE 207 Terrace
Miami, FL 33179,

_____
GILENE PIERRE

_____
JEAN MARIE SAINT-JOUR

```
CFN 2011R0272934
OR Bk 27667 Pgs 4652 - 4658; (7pgs)
RECORDED 04/27/2011 12:01:30
MTG DOC TAX 637.00
INTANG TAX 364.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
```

*Prepared by and return to:*
*B. LESLIE SCHARFMAN, ESQ.*
*166 Hialeah Drive*
*Hialeah, FL 33010*

THIS MORTGAGE MAY NOT BE ASSUMED AND UPON THE SALE, TRANSFER, LEASE-OPTION TO PURCHASE, AGREEMENT FOR DEED OR TRANSFER IN ANY OTHER MANNER, THE NOTE HEREBY SECURED BECOMES DUE AND PAYABLE IN FULL

MORTGAGE DEED

THIS MORTGAGE DEED, Executed the 15th day of April, 2011, by **GILENE PIERRE and JEAN MARIE SAINT-JOUR**, wife and husband whose post office address is 1044 NE 207 Terrace, Miami, FL 33179, hereinafter called the Mortgagor, to REAL ESTATE INVESTMENT AND RENTAL PROPERTIES, INC., a Florida corporation, whose post office address is 2385 NW Executive Drive, Ste 100, Boca Raton, FL 33431, hereinafter called the Mortgagee.

WITNESSETH, That for divers good and valuable considerations, and also in consideration of the aggregate sum named in the Note of even date herewith, hereinafter described, the said Mortgagor does grant, bargain, sell, alien, remise, release, convey and confirm unto the said Mortgage, their heirs and assigns in fee simple, all the certain tract of land, of which the said Mortgagor is now seized and possessed, and in actual possession, situate in Miami-Dade County, State of Florida, described as follows:

Lot 5, Block 10 IVES DAIRY TOWNHOMES, according to the Plat thereof recorded in Plat Book 165, Page 19 of the Public Records of Miami-Dade County

This is a first mortgage in the original principal amount of $182,000.00

**Failure of Mortgagor to comply with the tax and insurance requirements set forth herein shall be a material breach of this mortgage for which Mortgagee shall have the right to foreclose.**

TO HAVE AND TO HOLD the same together with the tenements, hereditaments, and appurtenances, unto the said Mortgagee, and their heirs and assigns, in fee simple.
AND the said Mortgagor, for themselves and their heirs, legal representatives and assigns does covenant with said Mortgagee, their heirs, legal representatives and assigns that said Mortgagor, is indefeasibly

1

seized of said land in fee simple that the said Mortgagors has full power and lawful right to convey said land in fee simple as aforesaid; that it shall be lawful for said Mortgagee, their heirs, legal representatives and assigns, at all times peaceably and quietly to enter upon, hold, occupy and enjoy said land; that said land is free from all encumbrances; that said Mortgagor, their heirs and legal representatives, will make such further assurance to perfect the fee simple title to said land in said Mortgagee, their heirs, legal representatives and assigns, as may reasonably be required; and that said Mortgagor does hereby fully warrant the title to said land and will defend the same against the lawful claims of all persons whomsoever.

PROVIDED ALWAYS, that if said Mortgagor, their heirs, legal representatives or assigns shall pay unto the said Mortgagee, their legal representatives or assigns, the certain promissory note (the "Note"), of which the following in words and figures is true copy, to wit:

SEE EXHIBIT "A" ATTACHED HERETO AND BY THIS REFERENCE MADE A PART HEREOF

and shall perform, comply with and abide by each and every the stipulations, agreements, conditions and covenants of Note and of this deed, then this deed and the estate thereby created shall cease and be null and void.

AND the said Mortgagor, for themselves and their heirs, legal representatives and assigns, hereby covenants and agrees:

1.  To pay all and singular the principal and interest and other sums of money payable by virtue of the Note and this deed, or either, promptly on the days respectively the same severally become due.

2.  To pay all and singular the taxes, assessments, levies, liabilities, obligations, and encumbrance of every nature on said described property, each and every, and if the same be not promptly paid the said Mortgagee, their heirs, legal representatives or assigns, may at any time pay the same without waiving or affecting the option to foreclose or any right hereunder, and every payment so made shall bear interest from the date thereof at the highest legal rate per annum. Mortgagor shall provide proof of payment of annual real estate taxes by March 15 for the preceding years' taxes. In the event that Mortgagor does not pay the taxes by such date, the Mortgagee may pay the taxes and the full amount of such payment by Mortgagee shall be added to the principal balance owed on the mortgage and shall accrue interest at the maximum rate allowed by law.

3.  To pay all and singular the costs, charges and expenses, including lawyer's fees, reasonably incurred or paid at any time by said Mortgagee, their heirs, legal representatives or assigns, because of the failure on the

2

part of the said Mortgagor, their heirs, legal representatives, or assigns to perform, comply with and abide by each of the stipulations, agreements, conditions and covenants of the Note and this Mortgage, or either, and every such payment shall bear interest from date at the highest legal rate per annum.

4. To keep the buildings now or hereafter on said land insured for fire and extended coverage in a sum at least equal to the amount owed on the Note, in a company or companies to be approved by said Mortgagee, and the policy or policies to be held by and payable to Mortgagee, their heirs, legal representatives or assigns; and in the event any sum of money becomes payable under such policy or policies, the Mortgagee, their heirs, legal representatives or assigns, shall have the option to receive and apply the same on account of the indebtedness hereby secured or to permit the Mortgagor, to receive and use it or any part thereof for other purposes, without thereby waiving or impairing any equity, lien or right under or by virtue of this mortgage. If Mortgagor does not provide Mortgagee with copies of the policies showing Mortgagee as loss payee 14 days after written demand by Mortgagee, then Mortgagee may purchase such insurance and shall add any payments made for such policy to the principal balance owed on the Mortgage and such payments shall accrue interest at the maximum rate of interest allowed by law. In the event of loss, Mortgagor shall give immediate notice to Mortgagee.

5. To permit, commit or suffer no waste, impairment or deterioration of said property, or any part thereof.

6. To permit no other lien or mortgage to be placed ahead of this mortgage.

7. If any of the sums of money due and owing to Mortgagee under the terms of the Note and this Mortgage, including but not limited to any advance made by Mortgagee for the payment of insurance or taxes are not paid within 15 days after the same become due and payable, or if each of the stipulations, agreements, conditions and covenants of the Note and this Mortgage are not fully performed or complied with, the outstanding principal balance owed on the Note shall become due and payable forthwith or thereafter at the option of Mortgagee, his successors, legal representatives or assigns

8. In order to accelerate the maturity of the indebtedness hereby secured because of the failure of the Mortgagor to pay any tax, assessment, liability, obligation or encumbrance upon the Property as herein provided, it shall not be necessary that the Mortgagee shall first pay the same.

3

9. Any notice required or permitted hereunder shall be hand delivered or sent to the appropriate party at the address first set forth above (or such other address in the United States designated by written notice to the other party as herein provided) and shall be deemed given, (i) if by hand, when actually received, or (ii) if by mail, three (3) business days following posting in the U.S. mail, addressed as aforesaid, postage prepaid, return receipt requested.

1. In any action to foreclose this Mortgage, or upon the actual or threatened waste to any part of the Property, Mortgagee shall have the right to apply without notice for the appointment of a receiver of the Property and the rents and profits thereof, and Mortgagee shall be entitled to the appointment of such a receiver as a matter of right, without consideration of the value of the Property as security for the amounts due Mortgagee.

11. As further security for the repayment of the sums secured by this Mortgage, Mortgagor hereby assigns and transfers to Mortgagee all rents, income and profits of the derived from the Property and all right, title and interest of Mortgagor in and under all leases and tenancies and occupancy agreements of any nature whatsoever (and any extensions and renewals thereof) now or hereafter affecting the Property. At any time an action to foreclose this Mortgage is pending, Mortgagor hereby empowers Mortgagee to use and apply all such rents and other income of the Property to the payment of the sum secured by this Mortgage and all interest thereon and any other indebtedness or liability of Mortgagor to Mortgagee, and to the payment of the costs of managing and operating the Property, including without limitation: (i) taxes, special assessments, insurance premiums, damage claims, and the costs of maintaining, repairing, rebuilding, restoring and making rentable any or all of the Property; (ii) all sums advanced by Mortgagee (with interest thereon) for the payment of such costs or for any other reason permitted by this Mortgage or the Note; and (iii) all costs, expenses and attorney's fees incurred by Mortgagee in connection with the enforcement of this Mortgage and/or any Lease; all in such order of priority as Mortgagee may deem appropriate in its sole discretion.



4

IN WITNESS WHEREOF, Mortgagor has set his hand and seals the day and year first above written.

Signed, sealed, and delivered in presence of us:

Sign: _M. Jimenez_ (signature)
Print Name: _M. Jimenez_

Sign: _Patricia Royo_ (signature)
Print Name: _Patricia Royo_

_____ (signature)
GILENE PIERRE
1044 NE 207 Terrace
Miami, FL 33179

_____ (signature)
JEAN MARIE SAINT-JOUR
1044 NE 207 Terrace
Miami, FL 33179

STATE OF FLORIDA

COUNTY OF MIAMI-DADE

I HEREBY CERTIFY that on this __15__ day of April, 2011 GILENE PIERRE and JEAN MARIE SAINT-JOUR, wife and husband who are personally known to me or who each has produced a Florida Driver's License as identification, personally appeared before me and acknowledged before me that each executed the foregoing mortgage, for the purposes therein expressed.

My Commission Expires:

_____
Notary Public

Silvia M. Jimenez
Printed Name of Notary Public
Commission Number: __1/14/2015__

(Notary Seal: SILVIA M. JIMENEZ, MY COMMISSION EXPIRES January 14, 2015, #EE 044358, NOTARY PUBLIC, STATE OF FLORIDA)

5